UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL V. LATORRE,<br><br>        Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., ET AL.,<br><br>        Defendants. | Case No.  4:22-cv-02922-YGR<br><br>**ORDER TO SHOW CAUSE RE: ARTICLE III STANDING** |

TO PLAINTIFF NOEL V. LATORRE AND PLAINTIFF'S COUNSEL OF RECORD:

You are **HEREBY ORDERED TO SHOW CAUSE** in writing **by no later than five (5) business days from the date of this order** why this case should not be dismissed for lack of standing.

It is well established the Court has an independent obligation to examine a litigant's standing under Article III. To have Article III standing, plaintiff must show that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). An injury in fact must be "particularized," and it must be "concrete." *Id*. at 340.[1] Relevant here, "Article III standing requires a concrete injury even in the context of a statutory violation." *TransUnion LLC*, 141 S. Ct. at 2205 (citation omitted). Simply put, "an injury in law is not an injury in fact." *Id*. at 2205. Further, standing cannot be pled in a

---

[1] "Particularized" injuries "affect the plaintiff in a personal and individual way." *Id.* (internal quotation marks omitted). Concrete injuries are "physical, monetary, or cognizable intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2206 (2021). Intangible harms must satisfy the "close relationship" analysis, in which the "inquiry [is] whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." *Id*. at 2204. "Those include, for example, reputational harms, disclosure of private information, intrusion upon seclusion . . . [and] harms specified by the Constitution itself." *Id*.

generic manner, "rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *Id.* at 2208.

Here, plaintiff alleges various violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against four different defendants. "Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

Having reviewed the complaint, it appears that plaintiff has failed to plausibly allege a concrete harm to support Article III standing. In short, plaintiff complains that defendants American Express Company and Synchrony Bank have inaccurately scheduled monthly payment amounts on plaintiff's credit disclosures prepared by defendants Experian Information Solutions, Inc. and Equifax Information Services, LLC. (Dkt. No. 1, Compl. ¶¶ 7-9.) As alleged, the underlying tradelines are "closed" such that "[p]laintiff no longer has an obligation to make monthly payments[.]" (*Id.* ¶ 10.) Since "the entire balance is due presently as [p]laintiff has neither right nor obligation to satisfy these debts in monthly installments," the accounts "should be reported . . . with the monthly payment amount of $0.00." (*Id.*)

Plaintiff then alleges that this inaccurate reporting "causes [him] damage by reducing [his] opportunities for credit and employment," and that he "has suffered credit and emotional damages," including "undue stress and anxiety along with headaches, nausea and anger due to [d]efendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of [d]efendants' violations of the FCRA." (*Id.* ¶ 21-22.)

Plaintiff's allegations of injury are conclusory and speculative. While plaintiff's allegations suggest that his "opportunities for credit and employment" have been reduced, he does not allege how. There are no allegations of dissemination to third-party creditors or employers to support the conclusory assertion. Without more, these "allegations of *possible* future injury are not sufficient" to establish standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Instead, plaintiff must allege facts showing that "the exposure to the risk of future harm itself causes a separate concrete harm." *TransUnion*, 141 S. Ct. at 2211.

2

Physical and emotional harms may confer standing. *See TransUnion*, 141 S. Ct. at 2211 n.7 ("[A] plaintiff's knowledge that he or she is exposed to a risk of future physical, monetary, or reputational harm could cause its own current emotional or psychological harm."). Nevertheless, plaintiff must allege sufficient facts to make it plausible that he did suffer the type of injury he claims would entitle him to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory [allegations], do not suffice."); *Maddox v. Bank of N.Y. Mellon Trust Co.*, N.A., 19 F.4th 58, 65 (2d Cir. 2021) (finding no standing premised on emotional harm were plausible facts were missing).

Importantly, the conclusory allegations in the complaint, which lump all defendants together without distinction, also do not satisfy the plausibility requirement. The complaint must tie the conduct of each defendant to the alleged harm.

In light of the foregoing, it appears that plaintiff has not sufficiently alleged Article III standing.

The Court therefore provides plaintiff with two options. First, plaintiff may respond to this order to show cause and:

1. Address what his concrete harm is to satisfy *Spokeo* and *TransUnion* and where those allegations exist in the complaint; and/or
2. Provide any authority or basis for plaintiff to assert standing for the claims and relief that he asserts under the FCRA as currently pled.

To the extent the plaintiff proceeds to file a written response to the order to show cause, defendants shall file any response no later than seven (7) days after plaintiff's response.

Alternatively, plaintiff may file a notice within five (5) business days indicating that he wishes to amend his complaint to attempt to cure the deficiencies.[2] Any amendment should be

---

[2] While not dispositive in this order to show cause, the Court notes that plaintiff alleges in a conclusory fashion without any factual enhancement that the accounts were "closed" and that plaintiff "no longer has an obligation to make monthly payments" on those accounts. The Court acknowledges that this issue is raised in connection with the pending motion to dismiss at Docket Number 28. Much of the authority invoked in connection with this issue concerns debts that are "charged off and closed" or accelerated. That an account was simply closed, as opposed to charged off or accelerated, may be a substantial and subtle distinction. Ultimately, the Court does not resolve the issue here. Plaintiff may consider how he can revise his allegations in the light of

filed within twenty-one (21) days of the notice being filed consistent with this Court's Standing Order in Civil Cases. Defendants' response shall then be filed twenty-one (21) days thereafter. Counsel is reminded of their Rule 11 obligations and shall meet and confer before the filing of any motion to dismiss. Any motion to dismiss that is filed must certify compliance with this meet and confer requirement.

Failure to timely reply to this order to show cause will be construed as a concession that plaintiff lacks standing, and the case will be dismissed without prejudice and without further notice.

**IT IS SO ORDERED.**

Dated: October 27, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

this order and the pending motion should he choose to amend.