**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOEL V. LATORRE,<br><br>   Plaintiff,<br><br>   v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., ET AL.,<br><br>   Defendants. | Case No.  4:22-cv-02922-YGR<br><br>**SECOND ORDER TO SHOW CAUSE RE: ARTICLE III STANDING** |

TO PLAINTIFF NOEL V. LATORRE AND PLAINTIFF'S COUNSEL OF RECORD:

You are **HEREBY ORDERED TO SHOW CAUSE** in writing **by no later than five (5) business days from the date of this order** why this case should not be dismissed for lack of standing.

This is the Court's second order to show cause based upon plaintiff's standing to sue in federal court.  (See Dkt. No. 40.)  The Court identified myriad issues concerning Article III standing on October 27, 2022.  (*Id*.)  Rather than respond substantively to the order to show cause, plaintiff filed a notice of intent to file a first amended complaint.  (Dkt. No. 41.)  Plaintiff subsequently filed the First Amended Complaint ("FAC") on November 28, 2022.  (Dkt. No. 44.)  Based upon the allegations in the FAC, it appears that plaintiff has failed to plausibly allege standing and any claim to standing is speculative at best.

As the Court previously explained, in order for plaintiff to have Article III standing, plaintiff must show that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted).  An injury in fact must be "particularized," and it must be "concrete."  *Id*. at 340.[1]  Relevant here, "Article III

---

[1] "Particularized" injuries "affect the plaintiff in a personal and individual way."  *Id.* (internal quotation marks omitted).  Concrete injuries are "physical, monetary, or cognizable

standing requires a concrete injury even in the context of a statutory violation." *TransUnion LLC*, 141 S. Ct. at 2205 (citation omitted).  Simply put, "an injury in law is not an injury in fact." *Id*. at 2205.  Further, *standing cannot be pled in a generic manner*, "rather, plaintiffs must demonstrate standing for *each claim that they press* and for each form of relief that they seek (for example, injunctive relief and damages)." *Id.* at 2208 (emphasis supplied).

Here, plaintiff has alleged various violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., against four different defendants.  Having closely reviewed the FAC, it appears that plaintiff has failed to plausibly allege a concrete harm to support Article III standing.  In short, plaintiff complains that defendants American Express Company and Synchrony Bank have inaccurately scheduled monthly payment amounts on plaintiff's credit disclosures prepared by defendants Experian Information Solutions, Inc. and Equifax Information Services, LLC.  (FAC ¶¶ 7-9.)  As alleged, the underlying tradelines are "closed" such that "[p]laintiff's responsibility is reported as terminated" and "[p]laintiff no longer has an obligation to make scheduled monthly payments[.]"  (*Id*. ¶ 10.)  Since "the entire balance is no longer due and [p]laintiff has neither the right nor the obligation to satisfy these debts in monthly installments," the accounts "should be reported . . . with the monthly payment amount of $0.00."  (*Id*.)

Plaintiff then alleges that this inaccurate reporting "causes [him] damage by reducing [his] opportunities for credit and employment," and that he "has been unable to obtain credit or credit with favorable credit terms as a result of the [d]efendants' failures to correct the inaccurate reporting."  (*Id*. ¶ 21.)  Furthermore, plaintiff also alleges that he "has suffered credit and emotional damages," including "undue stress and anxiety which resulted in physical harms of headaches, loss of sleep, nausea, anger, and fighting with his spouse due to [d]efendants' failure to correct the errors in his file or improve his financial situation by obtaining new or more favorable

---

intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2206 (2021).  Intangible harms must satisfy the "close relationship" analysis, in which the "inquiry [is] whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." *Id*. at 2204.  "Those include, for example, reputational harms, disclosure of private information, intrusion upon seclusion . . . [and] harms specified by the Constitution itself."  *Id*.

1    credit terms as a result of [d]efendants' violations of the FCRA." (*Id.* ¶¶ 21-22.)

2    Plaintiff's shot-gun allegations of injury are conclusory and speculative. While plaintiff's allegations suggest that he "has been unable to obtain credit or credit with favorable credit terms," he does not allege how based upon the specific defendants' conduct. There are no allegations of dissemination to third-party creditors or employers to support the conclusory and blanket assertion. Additionally, without more, "allegations of *possible* future injury are not sufficient" to establish standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Instead, plaintiff must allege facts showing that "the exposure to the risk of future harm itself causes a separate concrete harm." *TransUnion*, 141 S. Ct. at 2211.

The Court notes that plaintiff did amend his allegations to suggest more emotional harm, including disputes with his spouse. As the Court previously explained, physical and emotional harms may confer standing. *See TransUnion*, 141 S. Ct. at 2211 n.7 ("[A] plaintiff's knowledge that he or she is exposed to a risk of future physical, monetary, or reputational harm could cause its own current emotional or psychological harm."). Nevertheless, plaintiff must allege sufficient facts to make it plausible that he did suffer the type of injury he claims would entitle him to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory [allegations], do not suffice."); *Maddox v. Bank of N.Y. Mellon Trust Co.*, N.A., 19 F.4th 58, 65 (2d Cir. 2021) (finding no standing premised on emotional harm where plausible facts were missing). It is not clear that disputes with a spouse would satisfy the concrete harm requirement or that there is any plausible connection between the defendants' particular conduct and those purported spousal disputes. As the Court previously advised, the conclusory allegations in the complaint, which lump all defendants together without distinction, fail to satisfy plaintiff's pleading obligations.

In light of the foregoing, it appears that plaintiff has not cured the FAC to sufficiently alleged Article III standing.[2]

---

[2] The Court notes that defendant Equifax Information Services, LLC filed a motion to dismiss the FAC. (Dkt. 47.) In response, plaintiff opposed but realized that the FAC lacked a critical element, and thus, filed a Motion for Leave to file a Second Amended Complaint ("SAC"). (Dkt. No. 52.) The Court has reviewed the proposed SAC. The modifications are narrow and do

1    The Court therefore provides plaintiff with two options. First, plaintiff may respond to this
2 order to show cause and:

      1. Address what his concrete harm is to satisfy *Spokeo* and *TransUnion* and where those allegations exist in the FAC as to his claims asserted; and

      2. Provide any authority or basis for plaintiff to assert standing for the claims and relief that he asserts under the FCRA as currently pled.

The response shall not exceed six (6) pages. To the extent the plaintiff proceeds to file a written response to the order to show cause, defendants shall file any response no later than five (5) business days after plaintiff's response. Defendants' response shall not exceed four (4) pages.

Alternatively, plaintiff may file a request for voluntary dismissal within five (5) business days indicating that he wishes to proceed with his suit in state court where he will not be subject to the requirements of Article III.

Failure to timely reply to this order to show cause will be construed as a concession that plaintiff lacks standing, and the case will be dismissed without prejudice and without further notice. Counsel is reminded of Rule 11 obligations.

**IT IS SO ORDERED.**

Dated: January 3, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

nothing to address the standing issues referenced herein. Briefing on that motion is stayed pending resolution of this issue. The hearing on the motion to dismiss is **VACATED** and will be reset if necessary.

4